IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BRENDA REINERT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-cv-3097 |
| | ) | |
| v. | ) | The Honorable James Knoll Gardner |
| | ) | |
| LSI CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Defendant LSI Corporation ("LSI"), by its undersigned counsel, files this Reply

("Reply") to Plaintiff's Memorandum of Law in Opposition to its Motion for Summary

Judgment ("Response").

I.      **INTRODUCTION**

Plaintiff Brenda Reinert ("Reinert") filed her Response on May 14, 2010, along with a

Statement of Undisputed Material Facts ("Plaintiff's Statement of Facts")[1] and Plaintiff's

Affidavit in opposition to LSI's Motion for Summary Judgment ("Plaintiff's Affidavit).[2]  The

sole claim asserted by Reinert against LSI is an alleged violation of Section 510 of the Employee

---

[1] Pursuant to the Court's October 22, 2009 Rule 16 Status Conference Order, Reinert was required to file a concise statement of material facts specifically "*responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute*, with specific citations to the record, and, where practicable, attach[ing] copies of the relevant portions of the record." (Docket #11).  LSI notes that Plaintiff's Statement of Facts (Docket # 27-1) fails to specifically respond to any of the numbered paragraphs contained in Defendant's Statement of Undisputed Material Facts (Docket # 21-3).  Therefore, in accordance with the Court's Order, "*[a]ll factual assertions set forth in the moving party's statement shall be deemed admitted.*" (Docket #11).

[2] Reinert attached her own sworn affidavit to the Response citing numerous exhibits to the record.  However, Reinert failed to attach any exhibits to the affidavit electronically filed with the Court and also failed to serve LSI with any such exhibits.

1

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, which requires Reinert to show that LSI had the specific intent to interfere with her attainment of ERISA benefits. Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 785 (3d Cir. 2007). Because Reinert has not presented any evidence in support of her claim, LSI is entitled to judgment as a matter of law.

## II.   ARGUMENT

Reinert puts forth two arguments in an attempt to assert a *prima facie* case under Section 510 of ERISA. First, Reinert alleges that LSI failed to offer her severance benefits at the time of the asset purchase of LSI's Mobility Products Group ("MPG") by Infineon Technologies AG ("Infineon"). Reinert claims that LSI had allegedly offered such benefits to other similarly-situated employees. Second, Reinert alleges that LSI specifically interfered with her right to accrue additional pension credit under the terms of the Agere Systems Inc. Pension Plan (the "Plan") after the October 24, 2007 closing date. Neither argument has merit.

Summary judgment should be awarded to LSI because Reinert was treated the same as all other LSI employees transferred to Infineon after the October 24, 2007 closing date. Moreover, the very limited work Reinert performed related to the SEMC litigation after her termination from LSI did not entitle her to accrue any additional pension credit under the Plan because she was not a LSI employee.

### A.   Reinert was treated the same as all other MPG employees transferred to Infineon after the October 24, 2007 asset sale.

In her Response, Reinert alleges that she should have received severance benefits under the Agere Force Management Program ("FMP"). (Response at 27-28). Had she been eligible for the FMP, Reinert would have been able to remain on LSI's payroll for 60 days in order to qualify for a Transition Leave of Absence ("TLA") under the Plan. (Id.; see also Reinert Dep. at

95-96).[3] Reinert cannot make out a *prima facie* case under ERISA Section 510 as to the argument, because she cannot point to any similarly-situated LSI employee who was treated differently.

Reinert has conceded that, under the terms of the FMP, an employee whose employment is terminated as the result of a sale of a business is not eligible for FMP benefits. (Response at 19; Reinert Dep. at 54, 97-98). Reinert also has conceded that her employment with LSI ended on October 24, 2007 because of the sale of the MPG business to Infineon. (Reinert Dep. at 70). The only person who Reinert identifies (without any supporting evidence) as having been treated more favorably with respect to FMP benefits is Dave Fishman, a former Human Resources employee with Agere, whose position was eliminated *in 2004.*[4] (Reinert Aff. at ¶ 49; Second Bento Aff. at ¶ 3).[5] Fishman's entitlement to FMP benefits arose specifically from the terms of the FMP, not as a result of the sale of a business. (Second Bento Aff. at ¶ 4). Furthermore, *all* of LSI's former MPG employees (approximately 600 individuals) were offered employment with Infineon, so none of those individuals were eligible for, or received, FMP benefits from LSI under the specific terms of the FMP because they continued to be employed by the buyer of the business. (Second Bento Aff. at ¶ 5). Thus, Reinert cannot establish that LSI violated Section 510 of ERISA when it did not offer her benefits for which she was not eligible.

[3] Cited pages and exhibits of Reinert's Deposition have been attached hereto as Exhibit A.

[4] Although Reinert names only Fishman as a comparator who allegedly was treated more favorably than her, she also references a 2007 LSI annual report that disclosed $12.8 million paid in severance and termination benefits to employees who were terminated (but not transferred as part of a sale of a business) as evidence that she should have received FMP benefits. Like all other documents referenced in Plaintiff's Response, a copy of this annual report was not provided to the Court. Even assuming that Reinert's allegations were true, she cannot prove that any of the severance and termination benefits paid by LSI in 2007 were provided to MPG employees as a result of the sale of the MPG business to Infineon on October 24, 2007 because no such severance and termination benefits were paid. (See Second Bento Aff. at ¶ 7).

[5] The Second Bento Affidavit is attached hereto as Exhibit B.

3

**B.**     **Because Reinert was terminated by LSI on October 24, 2007, she could not accrue any additional pension credit after that date.**

Reinert also argues that by virtue of her continued assistance to LSI on a litigation matter ("the SEMC Litigation"), she "either had or could have attained the time necessary" to obtain a TLA under the Plan. (Response at 9). Reinert's argument fails for two reasons: (1) regardless of her work on the SEMC Litigation, which was required of all transferred employees pursuant to the terms of the sale of the business, Reinert did not have sufficient service credit to qualify for a TLA under the Plan as of October 24, 2007; and (2) Reinert ceased being an LSI employee on October 24, 2007 and thus ceased being a "Participant" under the Plan.  As such, Reinert could not accrue additional service credit under the Plan after that date.

1.     Reinert did not have sufficient service credit to qualify for a TLA under the Plan as of October 24, 2007.

The Plan provides that each Participant who terminates employment, has reached the age of 50, and whose term of employment is 15 years or greater shall be eligible to receive an immediate service pension. (Reinert Dep. at Ex. 5, p. 53, § A1.1(a)(i); Bento Aff. at ¶ 25).[6] The Plan also allows, in relevant part, Participants who are within one (1) year of the age and/or term of employment requirements for eligibility for a service pension to take a TLA beginning on the day following their separation date pursuant to a sale to a non-Agere entity. (Id. at Ex. 5, p. 76, §§ D(c)(i)(2) and D(c)(ii); Bento Aff. at ¶ 26).

There is no dispute that, at the time of the October 24, 2007 asset sale, Reinert did not have sufficient service credit to attain an immediate service pension under the terms of the Plan or to qualify for a TLA. (Reinert Dep. at 83). Specifically, Reinert did not qualify for a TLA because she had not reached her 49th birthday as of October 24, 2007. (Id.). Moreover, Reinert

---

[6] Bento's Affidavit was included in Defendant's Appendix of Record Evidence in Support of its Motion for Summary Judgment filed on April 16, 2010. (Docket # 21-4).

admitted that she had no benefits that were due and owing to her by LSI as of October 24, 2007. (Id. at 117).

> 2.    Reinert failed to accrue any additional service credit after October 24, 2007 because she was no longer an LSI employee after that date.

Reinert's employment with LSI ended on October 24, 2007, and she became an employee of Infineon the next day. (Reinert Dep. at 41). During the course of her employment with LSI and Infineon, Reinert's work on the SEMC Litigation was part of her regular job functions, and she did not receive any additional compensation beyond her salary for this work. (Reinert Dep. at 34-35; Second Bento Aff. at ¶ 8). Following her termination from Infineon on August 20, 2008, Reinert entered into an independent contractor agreement with LSI to perform litigation consulting duties on the SEMC Litigation at a flat hourly rate of $80.00. (Reinert Dep. at 128; Second Bento Aff. at ¶ 9). Reinert alleges that her consulting work after October 24, 2007, which comprised approximately one to three hours per week of participating in telephone conferences, reviewing documents and answering technical questions related to the litigation, entitled her to continue accruing pension service credit under the Plan. (Reinert Dep. at 18; Reinert Aff. at ¶ 28; Response at 9).

This argument was recently rejected in Muth v. LSI Corporation, No. 5:09-cv-01689 (E.D. Pa. May 3, 2010).[7] In that case, Reinert's co-worker, Edwin Muth, similarly alleged that he continued performing work for LSI after his October 24, 2007 termination which entitled him to accrue additional service credit under the Plan. The Court rejected this argument because Muth admitted that:  (1) LSI terminated his employment on October 24, 2007; and (2) he had received all benefits due to him by LSI for his years of service and age as of that date.

---

[7] A true and correct copy of Judge Sanchez's Order was provided to the Court by letter dated May 5, 2010.

Like Muth, Reinert admitted that her employment with LSI was terminated on October 24, 2007. (Plaintiff's Statement of Facts at ¶ 25; Plaintiff's Affidavit at ¶ 20). Reinert also admitted that she had no benefits that were due and owing to her by LSI as of October 24, 2007. (Reinert Dep. at 117). The only "evidence" Reinert proffers in support of her argument of a continued employment relationship with LSI is a December 8, 2008 Notice of Determination from the PA Office of Unemployment Compensation Benefits. (Plaintiff's Statement of Facts ¶ 40).[8] The Determination states that, following her termination from Infineon, Reinert was not "self-employed." (Reinert Dep. at 129-132, Ex. 30). Reinert alleges that by virtue of this Job Center Determination, she can show that she remained an LSI employee after October 24, 2007 and should have continued to accrue pension service credit. Reinert's argument is flawed in several respects. First, it is well-settled in Pennsylvania that a determination made by an unemployment compensation referee has no preclusive effect in subsequent litigation where a claimant's former employer did not have a full and fair opportunity to litigate the issue before the referee. See Rue v. K-Mart Corp., 552 Pa. 13; 713 A.2d 82 (1998). Thus, Reinert cannot rely on the Job Center Determination as evidence of any employment relationship with LSI, nor was there any such employment relationship.

Moreover, Reinert admitted that she had no employee or contractor relationship with LSI, and received no compensation from LSI for work performed on the SEMC Litigation, from October 25, 2007 through October 20, 2008 while employed by Infineon. (Reinert Dep. at 126-

---

[8] Reinert also falsely asserts on page 23 of her Response that LSI reported Reinert's income for her work on the SEMC Litigation on IRS Form W-2 as evidence of a continued employment relationship with LSI. Reinert failed to provide any documentation to show that LSI ever issued Reinert a W-2 for work performed after her termination from employment on October 24, 2007. To the contrary, LSI issued Reinert an IRS Form 1099 for all income she received as a result of her independent consulting work on the SEMC Litigation after her termination from Infineon. (See Reinert Dep. Ex. 30; Second Affidavit of Paul Bento, ¶¶ 10-13, Ex. 1).

27).  Reinert also admitted that after her termination from Infineon, her assistance on the SEMC

Litigation was strictly governed by an independent contractor agreement that she freely entered

into – she never was reemployed by LSI.  (Id. at 120-21, Ex. 23; Plaintiff's Statement of Facts

¶ 38).

Reinert concedes that her employment with LSI ended solely because of the sale of LSI's

MPG business to Infineon.  (Reinert Dep. at 70).  After her October 24, 2007 termination from

LSI, Reinert ceased being a "Participant" in the Plan and could not accrue any additional service

credit under the Plan after that date.  (Bento Aff. at ¶ 29, Ex. 3, p. 7).  As Reinert has no evidence

to show that LSI specifically interfered with her right to accrue additional pension benefits after

October 24, 2007, LSI's Motion for Summary Judgment should be granted.

## III.   CONCLUSION

For the foregoing reasons, LSI respectfully requests that the Court grant its Motion for

Summary Judgment and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

*/s/ Shannon H. Paliotta*

Robert W. Cameron (PA ID No. 69059)
  bcameron@littler.com
Shannon H. Paliotta (PA ID No. 91000)
  spaliotta@littler.com
**LITTLER MENDELSON, P.C.**
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
(412) 201-7600 Phone
(412) 456-2377 Fax

Dated: May 28, 2010                        *Attorneys for Defendant, LSI Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May 2010, a copy of the foregoing document was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Donald P. Russo, Esquire
dprusso1@verizon.net
117 East Broad Street
P.O. Box 1890
Bethlehem, PA  18016-1890

/s/ Shannon H. Paliotta

Shannon H. Paliotta

Firmwide:95563865.1 042480.1048